**MARK Z., a minor by his parent and guardian as next friend, Plaintiff,**

v.

**MOUNTAIN BROOK BOARD OF EDUCATION, et al., Defendants.**

**Civ. A. No. 91–C–0581–S.**

United States District Court, N.D. Alabama, S.D.

June 18, 1992.

George W. Harris, Tuscaloosa, Ala., for plaintiff.

Donald B. Sweeney, Jr. and Eugenia H. McGill, Rives & Peterson, Birmingham, Ala., for defendants.

MEMORANDUM OF OPINION

CLEMON, District Judge.

The issue in this case is whether the Eufaula (Alabama) Adolescent Center is the least restrictive environment, for the education of plaintiff Mark Z under the Education for All Handicapped Children Act, 20 U.S.C. § 1400, *et seq.* ("The Act"). Based on the evidence adduced at trial, and the applicable legal authorities, the Court concludes that issue must be answered in the affirmative and that judgment must be entered in favor of defendant Mountain Brook Board of Education ("MBBE").

I.

Mark Z is a handicapped child who is eligible for special education services. He was born on August 24, 1974. His parents were residents of Mountain Brook, Alabama, during the times relevant to this action. He enrolled in the Mountain Brook school system beginning in kindergarten. He has subsequently been placed by the school system in a number of special education facilities—outpatient, inpatient, and

residential. For the eighth grade, the 1988–89 school year, Mark was placed at the William Engel Day School, an adolescent psychoeducational program operated by the University of Alabama in Birmingham ("UAB"). He failed to maintain any consistent progress at Engel, and he continued to experience great difficulties at home. The Engel staff and the Education Coordinator ("EC") for MBBE, Betsey Stockdale, concurred that residential placement was appropriate. During April and May, MBBE and Mark's parents considered several residential facilities. Pending the placement of Mark in a suitable residential program, the Engel treatment team agreed to accept him back into the program for the 1989–90 school year, pursuant to the 1988–89 individual education plan ("I.E.P.") concurred in by one of Mark's parents.

## II.

Mark attended the Glenwood Wilderness Program for roughly five weeks of the summer of 1989. This program is offered in a therapeutic, residential camp. Shortly after his admission, the staff realized that Glenwood could not provide appropriate treatment for Mark. It recommended other residential placement for Mark, including the Brown School in Texas as well as the Devereux Foundation School in Atlanta, Georgia. Mark was terminated from the Glenwood program on July 19, 1989.

In the meantime, the MBBE continued to seek an appropriate in-state residential facility for Mark. It offered the Porta Cras School, where Mark had completed the fourth grade, but Mark's parents rejected it. The Southeastern Residential Program was also recommended by MBBE but rejected by Mark's parents.

Beginning in March 1989, MBBE made contact with the Eufaula Adolescent Center, a facility operated by the Alabama State Department of Mental Health and Mental Retardation. After Mark's discharge, MBBE requested his parent's authorization to release Mark's records to the Eufaula Center so that he could be evaluated for admission. Mark's parents refused to authorize the releases. There was a meeting between the MBBE superintendent, its EC, and Mark's father on August 15, 1989. At that meeting, Mark's father indicated that he absolutely refused to permit Mark to be placed at the Eufaula Center. At the same time, he indicated his determination to enroll Mark at the Devereux School in Atlanta, with or without the approval of MBBE. The superintendent indicated to Mark's father that the Devereux placement was a unilateral one by the parents, for which MBBE bore no responsibility.

On August 18, 1990, Mark was enrolled in the Devereux School, where he remained during all remaining times relevant to this action. On September 7, the EC wrote Mark's father and reminded him that under the existing I.E.P., Mark was scheduled to re-enter the Engel Day Treatment Center on August 28.

MBBE continued the process of determining the suitability of the Eufaula Adolescent Center, insofar as it could. In September, the EC visited Eufaula and reviewed its suitability for Mark.

On October 10, 1990, Mark's father requested a due process hearing under the Act. Roughly a month later, for the first time, Mark's father authorized the release of Mark's records "to facilities for evaluation purposes." On December 19, 1990, the Eufaula Center accepted Mark into its program. There is no reason to assume that Mark would not have been accepted by the Eufaula Center in August 1990 if his parents had cooperated and consented.

The due process hearing officer concluded that the Eufaula Adolescent Center is the least restrictive environment for Mark's education.

Mark Z's parents have paid approximately $120,000.00 to the Devereux School and they owe an outstanding balance of approximately $43,000.00.

## III.

All of the credible evidence indicates that the Eufaula Adolescent Center is the least restrictive environment for Mark's education. It is an accredited residential pro-

gram. It offers a "top to bottom" therapeutic program. It is so designed that "... every unit of the working day would be a part of the therapeutic program with Mark." It has a self-contained educational program on campus, fully staffed and capable of providing the kind of specific individualized education program which Mark needs. It has a behavior modification program. It can provide one-on-one twenty four hour supervision for Mark, if needed. It has "an extremely good" physical education department, which is important for a behavior disordered adolescent such as Mark. The Eufaula program is designed to help its students acquire those social skills that will make them employable.

In the view of Dr. Bayard S. Tarpley, the similarity of the Eufaula Adolescent Center and Devereux is "frankly remarkable. They are substantively—they are virtually identical programs."

The Court was greatly impressed by the testimony of Dr. Tarpley:

> "I think the Eufaula Adolescent Center is an appropriate placement for Mark because, first of all, it is an Alabama facility. Secondly, it offers and has the capability to offer everything that the Devereaux [sic] Center can offer for Mark. There are no programs there that aren't replicated at Eufaula. * * * *
> And I feel that there might be more emphasis at the Adolescent Center on getting him out of an institution as quickly as possible into some kind of less restrictive alternative."

The education which the Eufaula Adolescent Center provides is at no cost to MBBE.

### IV.

The Act provides that handicapped children should be placed in the least restrictive environment. The continuum of options, from least restrictive to most restrictive is set forth in Section 6.0 of the Alabama State Department of Education Administrative Policy Manual Bulletin No. 36.

Regarding residential placement, the continuum extends from less restrictive to more restrictive placement as follows:

I. *Public Residential School/Facility*
   The handicapped student attends a publicly supported (24 hour care) special education residential program.
J. *Private Residential School/Facility*
   The handicapped student attends a privately supported (24 hour care) special education residential program.
K. *Homebound/Hospital Program*
   The handicapped student receives educational services within the home or hospital setting because of a long-term physical, mental or emotional problem which prevents the student from attending school. This is not to be used as a permanent LRE for students who are expelled from school.

Under these guidelines, the Eufaula Adolescent Center, a public residential facility, is less restrictive than the Devereux School, a private facility.

### V.

In the seminal case, *Board of Education of the Hendrick Hudson Central School District v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), the Supreme Court enunciated a two-part inquiry for determining whether a school board has met its obligations under the Act: (1) has the school board complied with the procedures of the Act, and (2) is the individualized education program developed under those procedures reasonably calculated to enable the child to receive educational benefits? *Id.*, at 207, 208, 102 S.Ct. at 3051, 3052. Mark Z concedes that MBBE has complied with the procedures of the Act. The credible evidence commands the conclusion that the individual education program available to Mark Z at the Eufaula Adolescent Center is reasonably calculated to enable him to receive education benefits. This Court can require no more.